The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, Arkansas 75502
Dear Mr. Haltom:
This is in response to your request, made by Deputy Prosecuting Attorney Danny P. Rodgers, for an opinion on the following questions:
 1. Does Ark. Code Ann. Sections 20-13-301 et seq., Sections 14-14-801 et seq, or any other law of the State of Arkansas, authorize the Lafayette County Quorum Court to enact an Ordinance that would prohibit or restrict the right of an out-of-county ambulance service, licensed by the State of Arkansas, to come into the unincorporated areas of Lafayette County and provide transportation to a patient, which service would originate within the County and would involve transporting the patient out of the County on a non-emergency basis?
 2. If your answer to 1. above is in the affirmative, could the Quorum Court by Ordinance make it a criminal violation for the out-of-county ambulance service to do so?
 3. Can the Quorum Court by Ordinance prohibit an ambulance service licensed by the State of Arkansas from operating or establishing a business in Lafayette County, without first obtaining a license, permit or contract from the County?
In my opinion, a county may not prohibit a licensed ambulance company from providing non-emergency ambulance services within the county. I am enclosing a copy of Op. Att'y Gen. 87-474, in which this office concluded that a county's award of an exclusive franchise to provide non-emergency ambulance services likely would be invalid as a violation of federal antitrust law. I agree with the conclusions stated in Op. Att'y Gen.87-474, and there has been, since the date of that opinion, no change in the applicable law discussed therein that would cause me to reach a different conclusion.
With respect to restricting an ambulance company's ability to provide non-emergency services within a county, it is my opinion that a county possesses the power to impose reasonable regulations upon the providers of such services. Pursuant to Ark. Const. amend. 55, § 1, and A.C.A. §14-14-801(a), a county government is empowered to exercise local legislative authority not prohibited by the Constitution of Arkansas or by law. Under A.C.A. § 14-14-801(b)(3), a county government may exercise its legislative authority in a manner calculated to "[p]reserve peace and order and secure freedom from dangerous or noxious activities."
Absent the existence of facts that would justify differing treatment, any such regulations should apply equally to all ambulances services operating within the county; otherwise, the regulations might be subject to challenge on equal protection grounds. In addition, as discussed further in Op. Att'y Gen. 87-474, any such regulations must be rationally related to a legitimate governmental purpose (i.e., the preservation of peace and order and the securing of freedom from dangerous activities), rather than adopted as a mechanism for displacing competition which, as stated above, is not permitted to a county in the context of non-emergency ambulance service. Finally, also as discussed in Op. Att'y Gen. 87-474, any such regulation must stop short of the "point at which regulation so restricts the use of property that it exceeds mere regulation and becomes [an impermissible] taking" of the property without compensation. J.W. Black Lumber Co., Inc. v. Arkansas Dept. of PollutionControl and Ecology, 290 Ark. 170, 174, 717 S.W.2d 807 (1986).
Because I have concluded that the county may not grant an exclusive franchise for non-emergency ambulance service, a response to your second question is unnecessary in the context of the county's prohibition of service by the out-of-county provider. With respect to any ambulance regulations that may be adopted by the county by ordinance, it is my opinion that, subject to the restrictions set forth in A.C.A. §14-14-805(6), the county may impose criminal sanctions for violations of such regulations.
In response to your third question, it is my opinion that the county may impose a license or permit requirement as a part of a permissible scheme of ambulance regulation of the type discussed above. As stated in Op. Att'y Gen. 87-474, the validity of a license or permit requirement will depend upon the particular provisions of such requirement and the prevailing facts and circumstances. The validity of any such requirement would, of course, be assessed using the same criteria discussed above in connection with regulations in general.
The power to contract generally implies the power to refuse to enter into a contract for any or no reason. For the reasons stated above, the county could not use a contracting requirement for the purpose of denying an otherwise-qualified ambulance company the ability to provide non-emergency ambulance services. If, however, the county were required to contract with all providers who complied with the county's reasonable regulatory scheme, a requirement to enter into a contract with the county would resemble a license or permit requirement and likely would be valid if a substantially similar license or permit requirement were valid.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
Enclosure